GULF, C. & S. F. RY. CO. v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. February 6, 1919.)

No. 3185.

MASTER AND SERVANT ☞13—HOURS OF SERVICE—VIOLATIONS.

    Where a railroad company detained train crews in service more than 16 hours, it cannot excuse the violation of the Hours of Service Act, on the ground of unavoidable casualty, because an accident occurred at a point some distance from division points, where it could have sent relief crews, for Hours of Service Act, § 3 (Comp. St. § 8679), relieving the carriers in case of casualty, does not relieve from the duty to exercise diligence to comply with the act.

In Error to the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Action at law by the United States against the Gulf, Colorado & Santa Fé Railway Company for penalties for violation of the Hours of Service Act. There was a judgment for the United States, and defendant brings error. Affirmed.

J. W. Terry and Ballinger Mills, both of Galveston, Tex. (Terry, Cavin & Mills, John G. Gregg, and Frank J. Wren, all of Galveston, Tex., on the brief), for plaintiff in error.

John E. Green, U. S. Atty., of Houston, Tex., and Philip J. Doherty, Sp. Asst. U. S. Atty., of Washington, D. C. (Roscoe F. Walter, Sp. Asst. U. S. Atty., of Washington, D. C., on the brief), for the United States.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge.    Suit for penalties was instituted by the United States against the Gulf, Colorado & Santa Fé Railway Company for violation of Act March 4, 1907 (34 Stat. 1415, c. 2939 [Comp. St. §§ 8677–8680]), "to promote the safety of employés and travelers upon railroads, by limiting the hours of service of employés thereon." That 12 employés, constituting two crews, were detained in service more than 16 hours is admitted.    The defense was that the delays of the trains from which the excessive service resulted were caused by casualties and unavoidable accidents, under circumstances to make applicable section 3 of the act.    The defendant also alleged that the employés were relieved as soon as the trains reached terminal points, and as soon as it was possible to do so.

Appellee contends that the accident causing the delay of one of the trains was not of a character contemplated by section 3 of the act. Determination of this issue is unnecessary.    It is evident from the telegrams of the train dispatcher to the crews that it was understood that the time lost as the result of the accidents could be added to the 16 hours, and that if the crews were not kept in service beyond this augmented time, no violation of the law would result.    Railroad employés were doubtless warranted, at the time, by the rulings of the Interstate Commerce Commission in assuming this to be the law.

Section 3 of the act, to the effect "that the provisions of this act shall not apply in any case of casualty or unavoidable accident," etc., construed in connection with the other terms of the act, has been held in cases in which it applies "not to relieve the carrier from the exercise of diligence to comply with the general provisions of the act." "It is still the duty of the carrier to do all reasonably within its power to limit the hours of service, in accordance with the requirements of the law."    Atchison, Topeka & Santa Fé Ry. Co. v. United States, 244 U. S. 336, 37 Sup. Ct. 635, 61 L. Ed. 1175, Ann. Cas. 1918C, 794.

In the case from which the quotations are made the train was permitted to run through a point at which a relief crew could have been secured, and it is therefore to be differentiated from the instant case. But the construction of the statute is unequivocal.    It does not appear that appellant did all that could reasonably have been done to relieve the crew.    While there were no terminals between Bellville and Galveston (the division upon which the delays occurred), it is not made to appear that crews could not have been sent from one of those points to take charge of the trains.    During the delays passenger trains from both terminals passed the points at which the trains were held.    The facts do not negative other means of relief.

Defendant not only fails to show that all was done that could possibly have been done, but the record makes it clear that it was understood at the time that this was not required by the law.    If the facts warrant any character of equitable relief from the penalty, the issue is not made by the pleadings.    As the case is presented to us, each of the train employés was kept in service longer than was permitted by

the general provisions of the law, and the evidence furnishes no basis for a finding that plaintiff in error did all that was reasonably practicable to prevent this result.

The judgment is affirmed.